# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| KEMBRA EUBANK, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 07-0861-CV-W-GAF |
| ) | |
| KANSAS CITY POWER & LIGHT, ) | |
| ) | |
| Defendant/Third-Party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Third-Party Defendant. ) | |

## **ORDER**

Presently before the Court is Third-Party Defendant United States of America's ("the Government" or "the United States") Motion to Dismiss for Lack of Subject Matter Jurisdiction, or to Enter Judgment on the Pleadings, or for Summary Judgment. (Doc. #97). The Government asserts Defendant/Third-Party Plaintiff Kansas City Power & Light ("KCPL") cannot seek contribution or indemnification from the Government because of payments made to Plaintiffs Kembra, Jesse, and Spencer Eubank (collectively "Plaintiffs") in lieu of Plaintiffs' right to sue the Government. *Id.* Plaintiffs join in the Government's Motion to Dismiss and further request remand of the matter if dismissal of the third-party claims is granted. (Doc. #98). KCPL opposes the Motion. (Doc. #111). For the following reasons, the Government's Motion is GRANTED and the matter is REMANDED to the Circuit Court of Jackson County, Missouri at Independence for all further proceedings.

1

**DISCUSSION**

**I.      Facts**

The present case arises from the untimely death of David Eubank ("Eubank"), husband of Plaintiff Kembra Eubank and father of Plaintiffs Jesse and Spencer Eubank. (Pet., ¶¶1-3). Plaintiffs originally filed their Petition in the Circuit Court of Jackson County, Missouri at Independence. (Pet.). KCPL then answered Plaintiffs' Petition and asserted third-party claims against Larry W. Harkrader ("Harkrader") and James Roger Haynes ("Haynes"), employees of the General Services Administration ("GSA"), an agency of the United States. (Am. Answer). KCPL alleged Harkrader and Haynes were negligent in their supervision of Eubank and therefore KCPL was entitled to contribution and/or indemnity from them. (Am. Answer, ¶¶23-39). Pursuant to 28 U.S.C. § 2679, the Government removed the case to this Court (Doc. #1) and substituted itself as defendant for Harkrader and Haynes. (Doc. ##2, 8).

Eubank died on August 18, 2006 as a result of burns suffered on August 10 when attempting to remove a chain that laid across an electrified switch in Building 13 of the Hardesty Complex, which is owned by GSA. (Pet., ¶¶7-19). KCPL supplied electricity to Building 13, which was the electrical vault building on the Hardesty Complex grounds. *Id.* at ¶4. On February 15, 2007, Plaintiff Kembra Eubank elected to receive benefits for herself and her sons under the Federal Employees' Compensation Act, 5 U.S.C. § 8101, *et seq.* ("FECA"), payable as a result of the injury and death of Eubank. (FECA Benefit Election). The United States Department of Labor granted FECA benefits to Plaintiffs retroactively to August 19, 2006. (Kembra Eubank Depo., 94:18-25).

**II.     Standard**

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3), the Court must dismiss a claim if it lacks subject-matter jurisdiction. "In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (citations omitted). When hearing a factual attack on the complaint's jurisdictional allegations, "the court may receive competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute." *Id.* (*citing Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947)). No presumption of truthfulness attaches to a plaintiff's allegations regarding subject-matter jurisdiction "and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* at 593 n.1 (citation omitted). "It is to be presumed that a cause lies outside [the federal court's] limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Thus, "[o]n a motion invoking sovereign immunity to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of proving by a preponderance of evidence that jurisdiction exists." *Chayoon v. Chao*, 355 F.3d 141, 143 (2d. Cir. 2004) (quotation omitted). All waivers of sovereign immunity are to be strictly construed in favor of the sovereign. *Dept. of Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999) (citations omitted).

**III.     Analysis**

The United States, as sovereign, is immune from suit unless it consents to be sued "and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Hercules Inc. v. United States*, 516 U.S. 417, 422-23 (1996) (internal quotations and citations

3

omitted). Through the Federal Tort Claims Act ("FTCA"), 60 Stat. 842, the Government waives its sovereign immunity in

> civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). "The 'law of the place' refers to the substantive law of the state where the wrongful conduct took place." *Washington v. Drug Enforcement Admin.*, 183 F.3d 868, 873 (8th Cir. 1999) (*citing FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994)). "[I]n other words, the claim must be such that a similarly situated private party would be liable for the same conduct in Missouri." *Green Acres Enters., Inc. v. United States*, 418 F.3d 852, 856 (8th Cir. 2005) (*citing Washington*, 183 F.3d at 873).

Pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, the Government properly substituted itself as Third-Party Defendant in place of Harkrader and Haynes and removed the action to this Court. *See* 28 U.S.C. § 2679. *See also Osborn v. Haley*, 549 U.S. 225, 229-30 (2007). The Westfall Act provides that once the Government is substituted as defendant, the exclusive means for recovery against the United States is the FTCA. *Id.* Thus, KCPL's third-party claims against the Government are governed by the FTCA. *Id. See also Osborn*, 549 U.S. at 230.

The FTCA applies only to tort claims asserted against the United States. 28 U.S.C. § 2674. *See also Red Elk ex rel. Red Elk v. United States*, 62 F.3d 1102, 1108 (8th Cir. 1995) (stating the Government's liability under the FTCA sounds in tort, not equity). Further, the Government is only liable "in the same manner and to the same extent as a private individual under like circumstances."

4

*Id.* Nevertheless, "the United States shall be entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim, as well as any other defenses to which the United States is entitled." *Id.* Thus, "where other federal policies, express or implied, preclude what would otherwise be a potential cause of action, no action against the government may stand." *In re All Maine Asbestos Litig.*, 772 F.2d 1023, 1029 (1st Cir. 1985) (*citing Johansen v. United States*, 343 U.S. 427, 436-40 (1952) & *Laird v. Nelms*, 406 U.S. 797, 802-03 (1972)).

Under the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101 *et seq.*, the Government "shall pay compensation . . . for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty."[1] 5 U.S.C. § 8102(a). Upon receipt of compensation under FECA, "the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States" may not seek additional damages or compensation for the employee's injury or death through judicial or administrative proceedings. 5 U.S.C. § 8116(c). Thus, in FECA, Congress adopted a *quid pro quo*; "employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without the need for litigation, but in return they lose the right to sue the Government." *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 194 (1983).

In interpreting the term "any other person," the Supreme Court declined to include unrelated third parties, such as KCPL. *Id.* at 197. Accordingly, "FECA's exclusive liability provision, 5

---

[1]Three exceptions to this general proposition – if the injury or death is (1) caused by willful misconduct of the employee; (2) caused by the employee's intention to bring about the injury or death of himself or of another; or (3) proximately caused by the intoxication of the injured employee, 5 U.S.C. § 8102(a)(1)-(3) – do not apply in this case.

5

U.S.C. § 8116(c), does not *directly* bar a third-party indemnity action against the United States." *Id.* at 199 (emphasis added). However, FECA may indirectly bar an indemnity action against the Government. *See, e.g., All Maine Asbestos*, 772 F.2d at 1027; *Bell Helicopter v. United States*, 833 F.2d 1375, 1378 (9th Cir.1987); *Bush v. Eagle-Picher Indus., Inc.*, 927 F.2d 445, 450 (9th Cir. 1991); *Eagle-Picher Indus., Inc. v. United States*, 937 F.2d 625, 634 (D.C. Cir. 1991); *Walls Indus., Inc. v. United States*, 958 F.2d 69, 71 (5th Cir. 1992); *In re McAllister Towing & Transp. Co., Inc.*, 432 F.3d 216, 222 (3d Cir. 2005). If the unrelated third party can identify a substantive law that affirmatively grants it the right to proceed against the Government, the claim may go forward. *Bush*, 927 F.2d at 450-51 (*citing Bell Helicopter*, 833 F.2d at 1378). *See also Walls Indus.*, 958 F.2d at 71 ("*Lockheed* did not . . . establish that the [FECA] exclusivity provision never affects third-party rights; it merely directed courts to examine the underlying substantive basis of the third parties' claims."); *McAllister Towing*, 432 F.3d at 222 ("[*Lockheed*] merely directed courts to examine the underlying substantive basis of the third parties' claims."). Therefore, if FECA bars the underlying substantive claims–here, KCPL's state law contribution and indemnity claims–KCPL may not proceed against the Government. *See Walls Indus.*, 958 F.2d at 71.

In order to maintain an action for contribution under Missouri law, "both the party seeking contribution and the 'defendant against whom contribution is sought must be ... tortfeasor[s], originally liable to the plaintiff-injured party." *Gramex Corp. v. Green Supply, Inc.*, 89 S.W.3d 432, 442 (Mo. 2002) (en banc) (*citing Safeway Stores, Inc. v. Raytown*, 633 S.W.2d 727, 730 (Mo. 1982) (en banc)). Additionally, "actionable negligence must exist between the plaintiff and the one from whom contribution is sought." *Osburg v. Gammon*, 704 S.W.2d 268, 269 (Mo. Ct. App. 1986) (citation omitted). Here, Plaintiffs do not possess an actionable negligence claim against the

6

Government due to the FECA payments Plaintiffs received in lieu of their right to sue the Government under the FTCA. Therefore, KCPL cannot maintain its third-party contribution claim against the Government and it is DISMISSED.

Generally, "the right to non-contractual indemnity presupposes actionable negligence of both parties toward a [plaintiff]." *Missouri Pac. R.R. Co. v. Whitehead & Kales Co.*, 566 S.W.2d 466, 468 (Mo. 1978) (en banc) (*citing Donald v. Home Serv. Oil Co.*, 513 S.W.2d 426 (Mo. 1974) (en banc)). "But, when a person, who without any fault on his part is exposed to liability and compelled to pay damages on account of the negligence of another, that person has a right of action against the active tortfeasor on the theory of an implied[-in-law] contract of indemnity." *SSM Health Care St. Louis v. Radiologic Imaging Consultants, LLP*, 128 S.W.3d 534, 540 (Mo. Ct. App. 2003) (*citing Campbell v. Preston*, 379 S.W.2d 557, 559 (Mo. 1964)). "In contrast to a contract implied in fact, one implied in law implies agreement of the parties from the circumstances; assent of the parties is lacking; and the intention of the parties is not ascertained-rather, an obligation is imposed by law to bring about justice regardless of the parties' original intentions." *Johns-Manville Corp. v. United States*, 12 Cl. Ct. 1, 18 (Cl. Ct. 1987) (citation omitted). Essentially, an implied-in-law contract is a creature of equity and functions to prevent unjust enrichment. *See Westerhold v. Mullenix Corp.*, 777 S.W.2d 257, 263 (Mo. Ct. App. 1989) ("[A] contract 'implied in law' or 'quasi-contract' is not a contract at all but an obligation to do justice even though it is clear that no promise was ever made or intended. This non-contractual obligation is treated procedurally as if it were a contract, but its principal function is to prevent unjust enrichment.") (internal quotations and citations omitted).

Here, KCPL claims the Government is liable to it based on an implied-in-law contract of indemnity. "The liability of the government under the [FTCA] is for causes sounding in tort, not

7

in equity." *Red Elk*, 62 F.3d at 1108 (citation omitted). KCPL provides no evidence that the United States has waived its sovereign immunity for equitable claims and therefore KCPL's argument for indemnity under an implied-in-law contract necessarily fails. *See Chayoon*, 355 F.3d at 143. Additionally, KCPL is not entitled to non-contractual indemnity under the FTCA because Plaintiffs do not possess an actionable negligence claim against the Government. *See Whitehead & Kales*, 566 S.W.2d at 468. For these reasons, KCPL's indemnity claim is DISMISSED.

## CONCLUSION

Because Plaintiffs do not possess an actionable claim for negligence against the Government, KCPL may not seek contribution or indemnity from the Government for Plaintiffs' claims asserted against KCPL. Nor may KCPL seek equitable relief under the FTCA. The Government's Motion to Dismiss KCPL's Third-Party Petition is therefore GRANTED and KCPL's claims against the Government are DISMISSED with prejudice. Because the reasons for which this Court had jurisdiction have been dismissed from the case, the Court REMANDS this case to the Circuit Court for Jackson County, Missouri in Independence for all further proceedings.

**IT IS SO ORDERED.**

s/ Gary A. Fenner
Gary A. Fenner, Judge
United States District Court

DATED: April 17, 2009