**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| **KEMBRA EUBANK, et al.,** )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>**KANSAS CITY POWER & LIGHT,** )<br>)<br>Defendant/Third-Party Plaintiff, )<br>)<br>vs. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>Third-Party Defendant. ) | Case No. 07-0861-CV-W-GAF |

**ORDER DENYING MOTION FOR STAY AND MOTION TO RECALL REMAND**

Presently before the Court are Defendant/Third-Party Plaintiff Kansas City Power & Light's ("KCPL") Motion for Stay (Doc. #131) and Motion to Recall Remand and Rescind the Clerk's Judgment (Doc. #137). KCPL requests the Court maintain the status quo of the litigation while on appeal. (Doc. #131). Plaintiffs Kembra, Jesse, and Spencer Eubank ("Plaintiffs") oppose the Motions, arguing KCPL cannot seek review of the April 17, 2009 Order ("Remand Order") and substantial harm will occur if their claims cannot proceed. (Doc. ##134, 144). For the following reasons, KCPL's Motions are DENIED.

**DISCUSSION**

**I.      Facts**

The instant case arises from the untimely death of David Eubank ("Eubank"), husband of Plaintiff Kembra Eubank and father of Plaintiffs Jesse and Spencer Eubank. (Pet.). Plaintiffs

1

brought claims against KCPL in the Circuit Court of Jackson County, Missouri at Independence ("the State Court"). (Pet.). In turn, KCPL asserted third-party claims against Eubank's supervisors, who were employees of the federal government. (Am. Answer). After Third-Party Defendant United States of America ("the United States" or "the Government") substituted itself as third-party defendant, it properly removed the case from the State Court pursuant to 28 U.S.C. § 2679(d)(2). (Doc. ## 1-2, 8). The Government then filed its Motion to Dismiss KCPL's third-party claims, which the Court granted. (Doc. ##97, 129). Pursuant to Plaintiffs' request, the Court also remanded the proceedings to the State Court. (Doc. #129).

On April 20, 2009, the Clerk's Office mailed an attested copy of the Remand Order and the Clerk's Judgment to the State Court. (Doc. #130). In a letter dated April 23, 2009, counsel for KCPL informed the Court that it was appealing the Remand Order. (Doc. #133). On April 24, KCPL filed the pending Motion to Stay and, on April 27, filed its Notice of Appeal, listing the propriety of remand as an issue on appeal. (Doc. ##131-32). On May 5, KCPL filed its Motion to Recall Remand and Rescind the Clerk's Judgment. (Doc. #137).

**II.     Analysis**

As with any issue before it, the Court cannot rule on the matters presented in the pending Motions if it lacks jurisdiction over them. The Supreme Court has stated,

> it was generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.

*Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (citations omitted). KCPL has listed in its Notice of Appeal the propriety of remand as an issue and has specifically informed this

2

Court in its letter dated April 23, 2009 that it will appeal the Remand Order.[1] Thus, the Court is likely without jurisdiction to address KCPL's Motions. Nevertheless, in the unlikely event the pending Motions are still within the Court's jurisdiction due to their exceptional nature and purpose, the Court has alternative grounds for denying such Motions.

Under 28 U.S.C. §§ 1447(c) and (d), a case remanded for lack of subject-matter jurisdiction "is not reviewable on appeal or otherwise." *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711-12 (1996). On the other hand, if the Court declines supplemental jurisdiction over state-law claims and remands pursuant to 28 U.S.C. § 1367(c), "the remand order is not based on a lack of subject-matter jurisdiction for purposes of §§ 1447(c) and (d)." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, – U.S. –, 129 S. Ct. 1862, 1867 (2009). Accordingly, review is not barred when the Court refuses to exercise supplemental jurisdiction over claims that were properly before it. *See St. John v. Int'l Ass'n of Machinists & Aerospace Workers*, 139 F.3d 1214, 1217 (8th Cir. 1998) ("This type of remand order . . . puts the litigants effectively out of court and is therefore a final order appealable under 28 U.S.C. § 1291.") (citations omitted). "[I]f § 1447(d) does not deny an appellate court jurisdiction to review a remand order, it cannot deny the district court jurisdiction to entertain a motion for reconsideration . . .." *Hudson United Bank v. LiTenda Mortgage Corp.*, 142 F.3d 151, 158 (3d. Cir. 1998) (*citing J.O. v. Alton Cmty. Unit Sch. Dist. 11*, 909 F.2d 267, 273-274 (7th Cir. 1990)). Additionally, the mailing of the remand order does not divest this Court of jurisdiction to review . *Id. See also Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 312 (2d. Cir. 2005); *In re Shell Oil Co.*, 631 F.2d 1156, 1158 (5th Cir. 1980)*; Maui Land & Pineapple Co. v. Occidental Chem.*

---

[1]The Court points out the Clerk's Office acted on the Remand Order prior to KCPL delivering the April 23 Letter and filing its Notice of Appeal. (Doc. ##130, 132, 133).

3

*Corp.*, 24 F. Supp. 2d 1083, 1085-86 (D. Hawaii 1998).

Here, while not specifically stating such, the Court remanded the case under § 1367(c). After dismissing the claims that allowed the case to be properly removed, the Court declined to retain supplemental jurisdiction over the remaining claims and remanded the action to the State Court. Therefore, the Court may review its Remand Order. *Id.*

That being said, KCPL does not request the Court review its Remand Order, but rather asks the Court to recall the remand and then stay the case pending appeal. While the Clerk's Office arguably failed to follow Fed. R. Civ. P. 62(a) by mailing the Remand Order to the State Court before ten days had expired, the Court will not allow the case to ricochet between this Court and the State Court. *Maui Land*, 24 F. Supp. 2d at 1087 (*citing Browning v. Navarro*, 743 F.2d 1069, 1079 n.26 (5th Cir. 1984)). The Court refuses to recall the remand for the sole purpose of staying the case when it thinks it unlikely that the Eighth Circuit will reverse the Order dismissing the claims against the Government given that all other circuits addressing similar claims ruled as this Court did. *See In re All Maine Asbestos Litig.*, 772 F.2d 1023, 1027 (1st Cir. 1985); *Bell Helicopter v. United States*, 833 F.2d 1375, 1378 (9th Cir.1987); *Bush v. Eagle-Picher Indus., Inc.*, 927 F.2d 445, 450 (9th Cir. 1991); *Eagle-Picher Indus., Inc. v. United States*, 937 F.2d 625, 634 (D.C. Cir. 1991); *Walls Indus., Inc. v. United States*, 958 F.2d 69, 71 (5th Cir. 1992); *In re McAllister Towing & Transp. Co.*, 432 F.3d 216, 222 (3d Cir. 2005).

Furthermore, while related, KCPL's third-party claims against the Government are "separate and distinct" from the claims Plaintiffs assert against KCPL. *Missouri ex rel. Gen. Elec. Co. v. Gaertner*, 666 S.W.2d 764, 766 (Mo. 1984) (en banc). Missouri law does not require claims for indemnification and contribution be brought as third-party claims to the underlying action. *Safeway*

4

*Stores, Inc. v. City of Raytown*, 633 S.W.2d 727 (Mo. 1982) (en banc). Thus, KCPL's claims against the Government are not lost and could easily proceed in a separate action in this Court in the event the Eighth Circuit disagrees with the Order dismissing those claims.

For these reasons, KCPL's Motion to Recall Remand is DENIED. Accordingly, the Court cannot consider KCPL's Motion to Stay, *see Hudson United Bank*, 142 F.3d at 154 n.6, and therefore DENIES it as MOOT.

**IT IS SO ORDERED.**

s/ Gary A. Fenner
Gary A. Fenner, Judge
United States District Court

DATED: May 29, 2009